06-60924.od

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

**THIS IS A CONSENT CASE**

In Re:

NATIONSRENT RENTAL
FEE LITIGATION

_____/

## ORDER GRANTING DEFENDANTS' DAUBERT MOTION TO EXCLUDE

**THIS MATTER** is before this Court on Defendants' *Daubert* Motion...to Exclude..., filed October 28, 2008 (D.E. 152). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

Initially, the matter about which the expert should be utilized should be that of "scientific, technical, or other specialized knowledge," and his testimony should assist the trier of fact based on his or her expertise in the area about which the testimony is being offered. Fed.R.Evid.702. The Court finds that the matter at hand is not "scientific, technical or ...specialized," and that even if it were, it is not within the expert's alleged expertise.

Viewed in a light most favorable to plaintiffs, this case is about a contract. It contains nothing of a specialized nature, except, perhaps, in the field of equipment rental - in which plaintiffs' expert offers no qualifications at all. Defendant cites to the general rule of law that interpretation of a contract is for the Court. See, e.g., Peterson v. Lexington Ins. Co., 753 F. 2d 1016, 1018 (11th

1

Cir. 1985). Even plaintiffs acknowledge this, citing to TCP Industries, Inc. v. Uniroyal, 661 F. 2d 542 (6th Cir. 1981). However, they rely on the further qualifying language of the Sixth Circuit therein where the Court stated the general rule "[A]bsent any need to clarify or define terms of art, science, or trade ...". Id. at 549. This court finds an absence of those circumstances in this matter. The relevant criterion for admissibility of this expert's opinion requires: (1) that the expert be qualified to testify regarding the matters the expert is intended to address; and (2) that his testimony will assist the trier of fact.

Plaintiffs attempt to make this the exception fall short. For example, the admission of such testimony in Gerawan Farming Partners v. Westchester Surplus Lines Ins. Co., No. CIV F05-1186AWI DLB, 2008 WL 80711 (E.D. Cal. Jan. 4, 2008) was to explain certain terms as understood in a particular industry. In our case that "industry" is the equipment rental industry, for which plaintiffs' expert has shown no qualifications. The same is true of the reliance on Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F. 3d 595, 611 (5th Cir. 2000). The numerous other cases cited for the admissibility of this testimony all involved situations where the contract issues were "of a technical nature." See Nucor Corp. v. Neb. Pub. Power Dist., 891 F. 2d 1343, 1350 (8th Cir. 1989); Schrieffer's Motor Serv. v. United Freight Forwarders, 210 F. Supp. 287, 291 (D. Minn. 1962).[1]

Plaintiffs' own response to the motion speaks to the fact that "the issues are straightforward." (Resp. p. 2). Apparently the "straightforward" issues include, according to plaintiffs, the "inherent ambiguity of the terms ...." "Inherent ambiguity" according to whom? Certainly the Court has not declared anything in the contract to be ambiguous, which is, quite clearly, the province of the Court. See, e.g., Montgomery v. Aetna Casualty & Surety Co., 898 F. 2d 1537, 1540 (11th Cir. 1990).

---

[1]This case, being well before Daubert and its progeny, is of little value, to be kind.

Even if we accept, for purposes of this motion, that the contract is ambiguous, plaintiffs' own words explain quite clearly why this testimony is unnecessary: "If NationsRent itself cannot articulate what its rental contracts state on their face, then surely a layperson would not be able to either." Resp. pp. 6-7. That is precisely why this testimony will not assist the trier of fact - they can figure it out for themselves.

If we examine Mr. Henderson's report there is further support for this conclusion. For example, on page 9 of his report Mr. Henderson opines that there is no protection for loss or damage from Theft/Vandalism. He concludes that "[T]he language of...makes it clear that there is no benefit to the customer." Well, if the language makes it clear why do we need expert testimony? The next section is similar. "In all of the testimony of the NationsRent people that I reviewed, I did not locate any testimony of anyone who described or explained what was in fact covered ..." (Report p. 9). Reading testimony and finding something absent therein is hardly the "technical or specialized knowledge" contemplated for expert testimony. Much of the report is really a critique of Mr. Snyder's testimony and is not appropriate for expert commentary. Counsel is every bit as qualified to address the alleged shortcomings in said testimony.

Even if we somehow accept the qualifications of Mr. Henderson, and further accept that expert testimony would be helpful, there are problems with at least some, if not all, of his opinions. For example, he opines on the application of the LDW based on how it has been applied historically, but has no objective data to support that opinion. He also ventures into areas where his qualifications are at least questionable, if not totally lacking, such as the legal opinions he renders in construing the contract. Even if those opinions were somehow permissible, he is not qualified to express them.

Viewed in a light most favorable to the plaintiffs, Mr. Henderson's opinions go to whether the contact is ambiguous or not - not to what it really says or means, and as noted earlier, the standards are that "[A]bsent any need to clarify or define terms of art, science or trade, expert opinion testimony to interpret contract language is inadmissible." TCP Industries, Inc., 661 F.2d at 549. It is important to note that Mr. Henderson's opinions clearly tell us what the contract doesn't say, but never clarify or define the alleged terms of art at issue. See, e.g., Report p. 19.

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of January, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record