# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

In Re NATIONSRENT RENTAL FEE
LITIGATION
_____/

## SETTLEMENT AGREEMENT AND STIPULATION

This Settlement Agreement and Stipulation (the "Agreement") is entered into as of September 29, 2009, between Plaintiffs David Jacov, Todd Horton, and Andrew M. Weissing, Inc. d/b/a Weissing Construction (collectively, "Plaintiffs"), suing on behalf of themselves and the Settlement Class defined below, and NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc. (collectively, "Defendants").

**WHEREAS,**

A.      On June 26, 2006, plaintiffs Todd Horton ("Horton"), and Bradley Barnard d/b/a Barnard Construction ("Barnard") filed a putative class action complaint against defendants NationsRent Companies, Inc. and NationsRent, Inc. (collectively, "NationsRent"), alleging that the terms of certain fees included in NationsRent's equipment rental contracts (the "Rental Contracts") were illegal, specifically the loss damage waiver ("LDW") fee equal to between 12% and 14% of the Rental Contract, and an "Environmental Fee" purportedly used to cover NationsRent's own overhead for environmental-related expenses.   The complaint asserted claims for a Declaratory Judgment, violations of Florida's Deceptive and Unfair Trading Practices law, Fla. Stat. §501.201, *et seq.* ("FDUTPA"), violations of Florida's Uniform Commercial Code, Fla. Stat. §680.1081 ("UCC"), and for injunctive relief.

B.    On July 17, 2006, plaintiff David Jacov ("Jacov") also filed a putative class action complaint against NationsRent, seeking declaratory relief, injunctive relief, and damages based on similar allegations as alleged in the complaint filed by Horton and Barnard, and also asserting contract and quasi-contractual claims.

C.    On July 31, 2006, the Court consolidated the two above-referenced actions against NationsRent under the caption *In re NationsRent Rental Fee Litigation*, Case No. 06-60924-CIV-BROWN (the "NationsRent Action" or the "Action"), and appointed the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Freed & Weiss, LLC ("Freed & Weiss") as interim Co-Lead Counsel for plaintiffs, and appointed the law firm of Aronovitz Jaffe as interim Liaison Counsel for plaintiffs.[1]

D.    On August 8, 2006, plaintiffs in the NationsRent Action filed a Consolidated Amended Class Action Complaint, alleging that the terms of LDW were illusory and provided no benefits to NationsRent's customers, and that the Environmental Fee was deceptive and unfair in light of the alleged disclosures and representations to NationsRent's customers concerning the fee.    Plaintiffs asserted claims against NationsRent under FDUPTA and Florida's UCC, as well as common law claims of breach of contract, unjust enrichment, money had and received, and declaratory relief.

E.    Also on August 8, 2008, plaintiffs served their First Request for Production of Documents on NationsRent, and, on August 30, 2006, plaintiffs served their First Set of Interrogatories on NationsRent, each seeking documents and information from NationsRent concerning their claims.

---

[1]    Attorneys at Aronovitz Jaffe who were involved in prosecution of the Action later became affiliated with the law firm of Rothstein Rosenfeldt Adler ("RRA"), which firm has since been substituted as interim Liaison Counsel for plaintiffs in the NationsRent Action.

F.      Sunbelt Rentals, Inc. ("Sunbelt")[2] merged with NationsRent on or about August 31, 2006, and acquired all of NationsRent's assets and liabilities, and currently operates the stores previously operated by NationsRent.   Consequently, NationsRent customers became Sunbelt customers, and were transferred into the Sunbelt system.

G.      On September 5, 2006, plaintiffs served Third Party Subpoenas *Duces Tecum* on US Filter and Safety-Kleen, two outside vendors who allegedly provided environmental clean-up and waste disposal services for NationsRent, seeking documents concerning NationsRent's environmental costs and expenses.

H.      On September 7, 2006, NationsRent moved to dismiss the Consolidated Amended Class Action Complaint.

I.      On September 11, 2006, NationsRent moved to stay discovery pending the Court's decision on NationsRent's motion to dismiss.

J.      On October 10, 2006, the Court denied NationsRent's motion to stay discovery.

K.      On November 6, 2006, NationsRent served its responses and objections to plaintiffs' first set of discovery requests.

L.      On December 7, 2006, NationsRent served its First Request for Production of Documents and First Set of Interrogatories on each of plaintiffs Horton, Barnard and Jacov.

M.      On December 15, 2006, plaintiffs served NationsRent with their Second Request for Production of Documents and Second Set of Interrogatories.

---

[2]      Sunbelt and NationsRent may collectively be referred to herein as "Defendants."

N.      On February 1, 2007, plaintiffs in the NationsRent Action filed a Consolidated Second Amended Class Action Complaint.

O.      On March 2, 2007, NationsRent moved to dismiss the Consolidated Second Amended Class Action Complaint.

P.      On May 16, 2007, each of the plaintiffs in the NationsRent Action served their responses and objections to NationsRent's first set of discovery requests, and produced documents and information to NationsRent concerning, among other things, their transactions with NationsRent and their payment of fees at issue in the litigation.

Q.      On May 22, 2007, NationsRent served its responses and objections to plaintiffs' Second Request for Production of Documents, and on June 28, 2007, NationsRent served its responses and objections to plaintiffs' Amended Second Set of Interrogatories.

R.      On September 20, 2007, plaintiffs filed a motion to compel with respect to NationsRent's responses and objections to plaintiffs' Second Request for Production of Documents and Amended Second Set of Interrogatories.

S.      On November 13, 2007, the Court in the NationsRent Action granted in part, and denied in part, plaintiffs' motion to compel.

T.      On January 3, 2008, the Court denied NationsRent's motion to dismiss plaintiffs' Consolidated Second Amended Class Action Complaint.

U.      On March 21, 2008, NationsRent filed its Answer and Affirmative Defenses to the Consolidated Second Amended Class Action Complaint in which, among other things, NationsRent denied liability for the claims asserted by plaintiffs.

V.     During the month of April 2008, NationsRent's counsel took the depositions of each of plaintiffs Horton, Barnard and Jacov.

W.     On April 22, 2008, plaintiffs' counsel took the depositions of NationsRent's Rule 30(b)(6) designee, Charles Snyder, and Craig Jonell.

X.     On May 1, 2008, plaintiffs served NationsRent with their Third Request for Production of Documents, which NationsRent responded and objected to on June 16, 2008.

Y.     In July 2008, plaintiffs served NationsRent with their First Requests for Admission, and Fourth and Fifth Request for Production of Documents, which NationsRent responded and objected to in August 2008.

Z.     On July 15, 2008, plaintiffs' counsel took the deposition of Thomas Hoyer, NationsRent's former CFO.

AA.     On July 17, 2008, plaintiffs' counsel took the deposition of Robert Schiller, NationsRent's former Controller.

BB.     On August 15, 2008, plaintiffs filed their Motion for Class Certification and Incorporated Memorandum of Law, seeking to certify a class of all former NationsRent customers who paid either the LDW fee or the Environmental Fee, to appoint plaintiffs Horton, Barnard and Jacov as class representatives, and the law firms of Coughlin Stoia and Freed & Weiss as class counsel.

CC.     On September 19, 2008, NationsRent filed its Opposition to the Motion for Class Certification.

DD.    On September 25, 2008, NationsRent's counsel took the deposition of plaintiffs' designated expert concerning the value of the LDW fee, Charles Henderson ("Henderson").

EE.    Throughout the course of this litigation, NationsRent produced nearly 25,000 pages of documents to plaintiffs and millions of electronic records, which were reviewed and analyzed by plaintiffs' counsel. An additional 66 boxes of environmental related documents were separately made available for inspection, and the inspection is continuing.

FF.    On October 10, 2008, plaintiffs filed their Motion for Partial Summary Judgment as to the Issue of Liability, and NationsRent filed its Motion for Summary Judgment.

GG.    On October 24, 2008, NationsRent filed its *Daubert* Motion and Incorporated Memorandum of Law to Exclude the Testimony of Henderson, which was granted by the Court on January 12, 2009.

HH.    On November 18, 2008, the Court in the NationsRent Action held oral argument and a limited evidentiary hearing on plaintiffs' Motion for Class Certification.

II.    In December 2008, NationsRent's counsel took the depositions of four former employees of NationsRent who had provided plaintiffs with anecdotal statements regarding NationsRent, which were cited in the Consolidated Second Amended Class Action Complaint.

JJ.    On February 4, 2009, the parties in the NationsRent Action participated in good faith in a mediation conference before mediator David H. Lichter, Esq., but reached an impasse.

KK.    On February 11, 2009, the Court in the NationsRent Action held a second hearing on discrete issues concerning plaintiffs' Motion for Class Certification.

LL.    On February 24, 2009, the Court in the NationsRent Action granted in part, and denied in part, plaintiffs' Motion for Class Certification. The Court granted class certification of plaintiffs' claims related to the Environmental Fee disclosures, except the claim brought under FDUTPA, and denied class certification as to all claims related to the LDW terms. The Court also appointed Jacov as class representative, and refused to appoint either Horton or Barnard as class representatives. Coughlin Stoia and Freed & Weiss were appointed as class counsel. The Class certified by the Court was defined as: "all customers of NationsRent who rented equipment from any store owned or operated by NationsRent, or any of its affiliated companies, between June 1, 2003 and August 30, 2006, and paid an Environmental Fee."

MM.    On March 3, 2009, plaintiffs in the NationsRent Action moved for reconsideration of the Court's class certification order with respect solely to the issue of whether FDUPTA applied to non-Florida residents, such as plaintiffs, in light of the Florida choice of law provision in the Rental Contracts. This motion was denied on March 30, 2009.

NN.    On March 9, 2009, NationsRent filed a Petition to Appeal the class certification order with the Eleventh Circuit Court of Appeals, which was denied on April 24, 2009.

OO.    On April 1, 2009, plaintiffs in the NationsRent Action filed a Petition to Appeal the class certification order with the Eleventh Circuit Court of Appeals, which was denied on June 3, 2009.

PP.     On May 28, 2009, a Class Action Complaint was filed in the case of *Andrew M. Weissing, Inc. d/b/a Weissing Construction v. Sunbelt Rentals, Inc.*, Case No. 3:09-CV-213, pending in the United States District Court, Western District of North Carolina (the "Sunbelt Action"), alleging claims under North Carolina law relating to the disclosures pertaining to Sunbelt's assessment of an Environmental Fee. The complaint in the Sunbelt Action seeks certification of a nationwide class of Sunbelt customers who paid the Environmental Fee.

QQ.     On September 29, 2009, the plaintiffs in the Action filed an Unopposed Motion for Leave to File a Consolidated Third Amended Complaint, attaching thereto a proposed Consolidated Third Amended Complaint, naming as an additional plaintiff in the Action Andrew M. Weissing, Inc. d/b/a Weissing Construction, and naming as an additional defendant in the Action Sunbelt Rentals, Inc.

RR.     Following the denial of the parties' respective FRAP 23(f) petitions by the Eleventh Circuit, counsel for the Parties have conducted extensive settlement discussions and arm's-length negotiations, in an effort to accomplish a global compromise and settlement of the claims asserted in the Action. Based on the investigation, research and analysis conducted to date, the Parties consider it desirable and in their best interests, and in the interests of the Settlement Class to have an opportunity to reach an equitable, appropriate, nationwide resolution of the issues raised in the litigation, on the terms set forth herein, taking into account the risks, uncertainties, delay and expense involved in this Action, as well as other relevant considerations, including, but not limited to, the time and expense of defending costly and protracted litigation on Appeal and in the trial court, and to fully and finally settle all claims asserted in this matter.

SS.    Defendants in the Action vigorously deny all liability with respect to the facts and claims alleged in the Action, and the Parties agree that, by entering into this Agreement, no party shall be deemed to have admitted in any way any claims or contentions made by the other nor to have diminished in any way the validity of any claim or contention asserted by that party with respect to the Action.  However, the Parties consider it desirable that the Action be settled to avoid the substantial burden, expense, risk, inconvenience and distraction of continued litigation and to fully and finally resolve the settled claims. The Parties further agree that neither the Agreement itself, nor any of the other documents prepared or executed by any party in negotiating or implementing the settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in administrative action or proceeding.

TT.    Plaintiffs in the Action each decided to enter into the Agreement because, in their opinion, the Agreement provides relevant additional information material to the decision of Sunbelt's customers, many of whom are former NationsRent customers, whether to rent equipment from Sunbelt, and addresses the very claims Plaintiffs have raised concerning the alleged deceptive nature of the disclosures relating to the Environmental Fee.  Plaintiffs also took into consideration the strengths and weaknesses of their claims.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between Plaintiffs, acting for themselves and on behalf of the Settlement Class, and Defendants, that all claims, rights and causes of action, state or federal, losses

and demands of any nature, that have been asserted by Plaintiffs and the Settlement Class in this matter against Defendants, as defined herein, shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions all of which are subject to approval by the Court:

## DEFINITIONS

1.    The following terms shall have the following meanings in this Agreement and the annexed exhibits.

1.1.    The "Action" means the Action captioned above pending in the United States District Court for the Southern District of Florida (CONSOLIDATED CASE NO. 06-60924-CIV-BROWN).

1.2.    The term "Environmental Fee" means the Environmental Fee that is the subject of the Complaint and that is charged to Class Members.

1.3.    A "Class Member" means:  all persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006, and/or who rented equipment from Sunbelt between May 28, 2004 and May 28, 2009, and paid an "Environmental Fee," including within the class the legal representatives, heirs, successors in interest, transferees and assigns, immediate and remote.   These Class Members comprise the "Settlement Class."   Excluded from the Settlement Class are: Defendants, any parent, subsidiary, affiliate, or controlled person by Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, and the immediate family members of such persons.  Also excluded is any trial judge who may preside over this Action.

1.4.    The "Complaint" means the Consolidated Third Amended Class Action Complaint filed in this Action pursuant to Section 2 of this Agreement.

1.5.    The "Court" means the United States District Court for the Southern District of Florida.

1.6.    Any order of the Court contemplated by or entered pursuant to this Agreement shall be deemed to have become "Final": (a) thirty (30) days after the entry of Final Judgment, if no appeal is taken during such thirty-day period; or (b) if, during the aforesaid thirty-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.  It is expressly agreed by Class Counsel and by Defendants that neither party intends that this Section, nor any other part of this Agreement, establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

1.7.    "Defendants" mean NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc.  This definition also includes these entities' current and former officers, directors, employees, agents and representatives.

1.8.    The "Settlement Administrator" means Kinsella Media, LLC.

1.9.    The "Notice" means the Notice of Proposed Settlement, without material alteration from the form of **Exhibit A** attached hereto.

1.10.    The "Order of Preliminary Approval" means an order without material alteration from the form of **Exhibit B** attached hereto.

1.11.    The "Final Judgment" means the Final Judgment and Order Approving Settlement without material alteration from the form of **Exhibit C** attached hereto.

1.12.   "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Plaintiffs or the Settlement Class against Defendants, and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, which arise out of or are based upon the Environmental Fee charged to any Class Member during the class period, and/or the acts, transactions, occurrences, facts, and events alleged in the Complaint.

1.13.   "Settlement" means the settlement of this Action as set forth in this Agreement and attachments.

1.14.   "Settlement Effective Date" shall mean the date the Final Judgment shall have become final.

1.15.   The "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Rule 23.

1.16.   "Class Counsel" shall mean and refer to Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), Freed & Weiss, LLC ("Freed & Weiss") and Rothstein Rosenfeldt Adler ("RRA"), and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action.

## The Settlement

2.   As a direct result of the prosecution of the Action and the extensive ongoing negotiations between the Parties, and in consideration for the settlement and dismissal with prejudice of the Action and the releases provided herein, Sunbelt will

make additional disclosures related to the Environmental Fee to its customers, in the following manner (the "Disclosures"):

2.1.    Sunbelt shall disclose on the reverse side of its form Rental Contract with Other "Additional Terms & Conditions" the following:

__.    **Environmental Fee.**    To promote a clean, and sustainable environment, Sunbelt takes various measures to comply with federal and state environmental regulations, as well as with Sunbelt's own policies. Sunbelt also incurs a wide range of environmental related expenses (both direct and indirect).   These expenses may include waste disposal, construction/maintenance of cleaning facilities, acquisition of more fuel efficient equipment, labor costs, administration costs, etc.  To help defray these and other costs, Sunbelt charges an environmental fee in connection with certain rentals.  The fee is not a tax or governmentally mandated charge.  It is not designated for any particular use or placed in an escrow account.  Rather, it is a fee that Sunbelt collects as revenue and uses at its discretion.

2.2.    Sunbelt shall disclose on the front side of its form Rental Contract an express reference to the reverse side to understand the basis for the Environmental Fee; and

2.3.    Sunbelt shall make disclosures regarding the Environmental Fee on its website, http://www.sunbeltrentals.com/, in a form substantially similar to the disclosure listed in the Rental Contract.

2.4.    Defendants acknowledge that in substantial part as a result of, among other things, discussions between and among the parties to the Action, Defendants will make the additional disclosures discussed herein.

### Submission of Agreement for Preliminary Approval and Order

3.    The Parties agree to submit an agreed order permitting the amendment of the Complaint to add Sunbelt Rentals, Inc.  After the filing of the Third Amended Class Action Complaint and the entry of the Order approving same, counsel for the Parties shall

submit this Agreement, and shall request an Order of Preliminary Approval substantially in the form of **Exhibit B**. The Order of Preliminary Approval shall include terms as follows:

      3.1.    Preliminarily approving the Settlement of this Action;

      3.2.    Certifying the Class Action as a class action for settlement purposes only on behalf of the Settlement Class defined above;

      3.3.    Approving and directing the Settlement Administrator to cause publication of the Notice substantially in the form of **Exhibit A** as provided herein;

      3.4.    Determining, pursuant to Rule 23, that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto;

      3.5.    Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Rule 23 of the Federal Rules of Civil Procedure; (b) to determine whether Final Judgment should be entered; and (c) to determine whether the application of Plaintiff and Class Counsel for an award of fees and expenses should be granted. The Fairness Hearing shall be scheduled not less than sixty (60) days after Notice is published;

      3.6.    Providing that any member of the Settlement Class that objects to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon. Any such objections or any petition to intervene in the Action must be submitted in writing, and must be served on Class

Counsel, the attorneys for Defendants, and filed with the Court at least fifteen (15) days before the Fairness Hearing; and

        3.7.    Providing that no person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein. Any member of the Settlement Class who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Complaint.

### Fairness Hearing

    4.    On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene or objections to the Settlement that have been timely filed and to conduct such other proceedings as the Court may deem appropriate under the circumstances.

        4.1.    At the Fairness Hearing, the Parties shall jointly request the Court to enter Final Judgment:

        4.2.    Determining that the publication of the Notice without material alteration from the form of **Exhibit A** in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of Rule 23 and due process;

        4.3.    Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Rule 23 of the Federal

Rules of Civil Procedure; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement;

4.4.    Certifying the Settlement Class for settlement purposes only pursuant to Rule 23;

4.5.    Providing that each member of the Settlement Class shall be bound by this Settlement; releasing and discharging Defendants, and their current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, from all Released Claims; barring and permanently enjoining Plaintiffs and the Class Members from asserting any of the Released Claims against Defendants, and their current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, in any court or forum whatsoever; dismissing all claims in this Action against Defendants, on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

4.6.    Awarding attorneys' fees and costs as provided *infra*;

4.7.    Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement;

4.8.    Awarding David Jacov an incentive award not to exceed the sum of $2,500.00, which award Defendants have agreed that they will not oppose; and

4.9.    Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree.

**Publication Notice**

5.     The parties recognize that notice is not required in a Rule 23(b)(2) settlement class.   Nonetheless, the parties desire to provide notice to the class in a reasonable manner to allow any interested parties to comment on the proposed Settlement and to attend the fairness hearing.   Accordingly, having considered that the potential recovery for any individual class member may be less than the cost of postage, acknowledging that the cost to mail notice to each class member would eviscerate the hard-fought settlement agreement, and acknowledging the high cost of continued litigation, the parties agree that notice by publication is the best possible notice program reasonably available and practicable under the circumstances.

5.1.     All costs of settlement administration, including the costs of notification to the Class Members, shall be borne by Defendants, subject to approval by the Court.

5.2.     It is understood and agreed that neither Party shall have responsibility or liability with respect to any acts, omissions, or any conduct of any Settlement Administrator in connection with the administration and distribution of this Settlement, including, but not limited to, providing notice to the Class Members and responding to queries from Class Members.

5.3.     Within 30 days of the entry of the Order of Preliminary Approval, Defendants, and the Settlement Administrator will cause the Notice without material alteration from the form of **Exhibit A**, to be published as described in the attached **Exhibit D**.

5.4.    Costs of administration will be paid by Defendants from their own funds based upon invoices submitted by the Settlement Administrator.

5.5.    Under no circumstances shall Defendants be required under this Agreement to incur or pay any fees or expenses, which they are not explicitly obligated to incur or pay hereunder.

### Attorneys' Fees and Costs

6.    Defendants agree not to oppose a request by Class Counsel for an award of attorneys' fees and costs equal to $1.1 million.  Defendants will not oppose such an application for fees and expenses in or below such amount, and Defendants have agreed to pay such amount to the extent approved by the Court.

6.1.    Defendants shall pay the attorneys' fees and expenses awarded by the Court to Plaintiffs' counsel, which shall be paid by Sunbelt (or its successors in interest) to Coughlin Stoia Geller Rudman & Robbins LLP, as follows:

6.1.1.    Fifty percent (50%) of the fees and expenses awarded by the Court shall be paid within five (5) business days after the date on which an Order and Final Judgment approving the Agreement is entered by the Court; provided, however, if any aspect of the Agreement is not approved and sustained on appeal, Plaintiffs' Counsel have a joint and several obligation to refund any payments made.  To effectuate the refund, Sunbelt may send written notice to Coughlin Stoia Geller Rudman & Robbins LLP (or any of the other consortium of Plaintiffs' Counsel), and the entire refund shall be paid to Sunbelt within five (5) business days of Sunbelt's written demand; and

6.1.2.   The remaining fifty percent (50%) of the fees and expenses awarded by the Court shall be held in escrow by Kasowitz, Benson, Torres & Friedman LLP for the benefit of Coughlin Stoia Geller Rudman & Robbins LLP.  After the expiration of the thirty (30) day period running from the date of the final judgment, Kasowitz, Benson, Torres & Friedman LLP shall deliver the escrowed amount to Coughlin Stoia Geller Rudman & Robbins LLP.  If an appeal is taken from the Final Judgment, the escrowed amount shall not be delivered until after resolution of such appeal.  The escrowed amount shall not be delivered under this paragraph if the Agreement is not approved and sustained on appeal, and shall be returned to Sunbelt.

6.2.   Any failure of the Court to approve a request for attorneys' fees in whole or in part shall have no impact on the effectiveness of the settlement set forth in the Agreement.  The Final Judgment in the Action, **Exhibit C** hereto, shall state that the award of attorneys' fees shall be allocated among plaintiffs' counsel by Coughlin Stoia and Freed & Weiss, as Class Counsel in the Action, in a fashion which, in the opinion of Coughlin Stoia & Freed & Weiss and in accordance with the decision in *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) (Gold, J.), fairly compensates such counsel for their respective contributions to the prosecution and settlement of the Action.

## **Termination of the Agreement**

7.   Any party to the Agreement shall have the right to nullify and to void the Agreement, and the Agreement thereafter shall have no further force and effect with

respect to any party in this Action, upon entry of an order by any court that invalidates or disapproves the Agreement, in whole or in part, or which alters any material term of this Agreement without the Parties' consent.

7.1.    In the event the Agreement is nullified, the Agreement shall not be offered in evidence or used in this or any other action for any purpose including, but not limited to, the existence, certification or maintenance of any purported class.

7.2.    In such event, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

7.3.    If this settlement shall fail for any reason, or if this Agreement shall be nullified by Defendants, this Agreement shall not have further force and effect and all proceedings having taken place with regard to this Agreement or the proposed settlement shall be without prejudice to the rights and contentions of the Parties hereto or of any potential Class Members in the action or in any other litigation;

7.4.    The Parties hereto agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement; and

7.5.    The Parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement.

**Release of Claims**

8.    No claim that was not specifically referenced herein is released as a result of this settlement.

8.1.    If this Agreement and the Final Judgment become final, as of that date, each member of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever, agrees to release Defendants and their current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or  unaccrued, which now exist or heretofore existed in favor of Defendants or the Settlement Class against Defendants which arise out of or are based upon the Environmental Fee charged to the Settlement Class and/or which arise out of or are based on the acts, transactions, occurrences, facts, and events alleged in the Complaint.

**Miscellaneous Provisions**

9.    Neither this Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, except that the Agreement and any Orders

entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Agreement, or in any proceeding in which issues are presented which pertain to Defendants' compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement.

10.     All proceedings with respect to the settlement described by this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

11.     Except as expressly authorized in this Agreement, neither the Class Representatives nor their counsel shall submit for publication any press release or make any public statement intended to be disseminated through the press, television, radio or other media regarding the Settlement without the prior written approval of Defendants or its counsel.

12.     All matters not specifically covered by the provisions of this Agreement shall be resolved by Agreement of Class Counsel and counsel for Defendants, or if they cannot agree, by the Court.

13.     The service of papers and notices under this Agreement shall be made upon the Plaintiffs and the Class by mailing such papers on:

> Stuart A. Davidson
> Coughlin Stoia Geller Rudman & Robbins LLP
> 120 East Palmetto Park, Suite 500
> Boca Raton, FL 33432
> Telephone: 561/750-3000
> 561/750-3364 (fax)

and upon Defendants by mailing such papers on:

Scott B. Cosgrove,
Kasowitz, Benson, Torres & Friedman LLP
Four Season Tower
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  305-377-1666
Facsimile:  305-402-0454

14.      This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties. This document has been drafted jointly and is not to be construed against any party.

15.      This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement.

16.      Each and every term of this Agreement shall be binding upon and inure to the benefit of the Class Representative, the Members of the Settlement Class, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of Defendants, who are intended to be the beneficiary of this Agreement.

17.      Class Counsel and counsel for Defendants each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effect this Agreement on the terms and conditions stated herein, and further represent that they will take all steps on their respective clients' behalf contemplated by this Agreement.

18.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be

one and the same instrument. Photocopies of fully executed copies of this Agreement may be treated as originals.

19.    Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement and Stipulation to be executed, by their duly authorized attorneys, dated as of September 29, 2009.

**EXECUTED ON BEHALF OF SUNBELT RENTALS, INC., NATIONSRENT, INC., and NATIONSRENT COMPANIES, INC.:**

_____

Lawrence D. Silverman
Florida Bar No. 0007160
lsilverman@kasowitz.com
Scott B. Cosgrove
Florida Bar No. 0161365
scosgrove@kasowitz.com
**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2650
Miami, FL  33131-1714
Telephone:  (305) 377-1666
Facsimile:  (305) 377-1664

*Counsel for Defendants*

**EXECUTED ON BEHALF OF THE SETTLEMENT CLASS, DAVID JACOV and ANDREW M. WEISSING:**

Stuart A. Davidson
Florida Bar No. 0084824
sdavidson@csgrr.com
Michael L. Greenwald
Florida Bar No. 0761761
mgreenwald@csgrr.com
Cullin Avram O'Brien
Florida Bar No. 0597341
cobrien@csgrr.com
**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
Facsimile: 561-750-3364

**FREED & WEISS LLC**
Paul M. Weiss
paul@freedweiss.com
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
Telephone: 312/220-0000
312/220-7777 (fax)

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

**ROTHSTEIN ROSENFELDT ADLER**
Steven R. Jaffe
Florida Bar No. 0390770
sjaffe@rra-law.com
Mark Fistos
Florida Bar No. 909191
mfistos@rra-law.com
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, FL 33301
Telephone: 954/522-3456
954/527-8663 (fax)

*Liaison Counsel for Plaintiffs and the Class*

# EXHIBIT A

**LEGAL NOTICE**

## IF YOU PAID AN "ENVIRONMENTAL FEE" TO NATIONSRENT AND/OR SUNBELT FOR RENTING EQUIPMENT, A LAWSUIT MAY AFFECT YOUR RIGHTS

**United States District Court for the Southern District of Florida**
*In re NationsRent Rental Fee Litigation*, Case No. 06-60924-CIV-BROWN

**TO:** *All persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006 and Sunbelt between May 28, 2004 and May 28, 2009 and paid an "Environmental Fee"*

The United States District Court for the Southern District of Florida has preliminarily approved a settlement on behalf NationsRent, Inc., and Sunbelt Rentals, Inc. ("Sunbelt") (collectively, "Defendants") for customers who paid an environmental fee to Defendants. Plaintiffs have agreed to settle the Action by, among other things, granting a release of all claims that were or could have been asserted in the Action in exchange for Sunbelt's incorporation of supplemental disclosures in its rental contract. You may inspect the complete Settlement Agreement, the Complaint, and other papers filed in the Action at the office of Steven M. Larimore, United States District Court Clerk's Office, 400 North Miami Avenue, 8th floor, Miami, FL 33128, during regular business hours.

A hearing will be held on _____ at ____ at the Court ("Fairness Hearing") to determine the fairness, reasonableness and adequacy of the Settlement. At the Fairness Hearing, the Court will also consider the proposed Fee and Expense Award of $1,100,000.00 to Plaintiffs' counsel, and an incentive fee award of $2,500.00 to class representative David Jacov.

The Settlement will become effective upon final judicial approval. Any Settlement Class Member, i.e. *persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006 and Sunbelt Rentals between May 28, 2004 and May 28, 2009 and paid an "Environmental Fee" (excluding Defendants and their affiliates)*, may appear in person or by attorney at the Fairness Hearing and show cause, if any, why the Settlement should not be approved; why a mandatory class of NationsRent and Sunbelt customers (as defined above) should not be certified; why a judgment dismissing the Action with prejudice against the Defendants should not be entered and Plaintiffs' claims against the Releasees should not be barred permanently; why the proposed Fee and Expense Award to Plaintiff's counsel should not be approved; and/or why David Jacov should not receive an incentive fee award. Before the Court will consider an objection, such objection must be in writing and include reference to *In re NationsRent Rental Fee Litigation*, Case No. 06-60924-CIV-Brown, the objector's name, address, telephone number and signature; such person's objections, if any, to the matter and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing and must be accompanied by formal proof of that the objector paid an Environmental Fee during the class period. **Any written objection must be filed with Steven M. Larimore, United States District Court Clerk's Office, 400 North Miami Avenue, 8th floor, Miami, FL 33128 at least 15 days before the Fairness Hearing.** Any written objection also

must be served upon the following and postmarked at least 15 days before the Fairness Hearing:

> Plaintiffs' Counsel
> Coughlin Stoia Geller Rudman & Robbins LLP
> Stuart A. Davidson
> 120 East Palmetto Park, Suite 500
> Boca Raton, FL 33432
>
> and
>
> Defendants' Counsel
> Kasowitz, Benson, Torres & Friedman LLP
> Scott B. Cosgrove
> Four Seasons Tower
> 1441 Brickell Avenue, Suite 1420
> Miami, FL 33131

Service of papers on counsel must be by first-class mail, hand delivery, or overnight courier service. Consideration of any award of attorneys' fees and expenses to Plaintiffs' Counsel shall be separate from the Court's consideration of the fairness, reasonableness and adequacy of the settlement to class members. If you are a Settlement Class Member and do not submit a written objection in accordance with the above requirements, you will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenge the Settlement, the final judgment dismissing the Action, or any other proceedings in the Action.

**Please Do Not Contact The Court Concerning This Notice.**

**By Order of the Court Dated: _____, 2009**

**THE HONORABLE STEPHEN T. BROWN
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

**THIS IS A CONSENT CASE**

In Re NATIONSRENT RENTAL FEE
LITIGATION

_____/

**ORDER OF PRELIMINARY APPROVAL**

The Court having reviewed and considered the Joint Motion for Preliminary

Approval of Settlement (D.E. # __), filed on September ___, 2009, and having reviewed

and considered the terms and conditions of the proposed Settlement as set forth in the

Settlement Agreement and Stipulation, a copy of which has been submitted with the Joint

Motion and the terms of which are incorporated herewith, and all other prior proceedings

in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1.      The terms of the Settlement Agreement and Stipulation (the "Settlement

Agreement") are hereby preliminarily approved, subject to further consideration at the

Fairness Hearing provided for below. The Court concludes that the Settlement is

sufficiently within the range of reasonableness to warrant the conditional certification of

the Settlement Class, the scheduling of the Fairness Hearing, and the publicatikon of

Notice to Class Members, each as provided for in this Order and the Stipulation.

## Conditional Certification of the Class

2.      For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> All persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006, and/or who rented equipment from Sunbelt between May 28, 2004 and May 28, 2009, and paid an "Environmental Fee," including within the class the legal representatives, heirs, successors in interest, transferees and assigns, immediate and remote.

Excluded from the Settlement Class are: Defendants, any parent, subsidiary, affiliate, or controlled person by Defendants, as well as any officers, directors, agents, servants, and employees of Defendants, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action. Plaintiffs David Jacov ("Jacov"), Todd Horton ("Horton"), and Andrew M. Weissing, Inc. d/b/a Weissing Construction ("Weissing") (collectively "Plaintiffs") are conditionally certified as the Representatives of the Settlement Class, and the law firms of Coughlin Stoia Geller Rudman & Robbins LLP, Freed & Weiss, LLP, and Rothstein Rosenfeldt Adler are conditionally certified as Class Counsel.  This conditional certification of the class, Class Representatives, and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action.

**Fairness Hearing; Right to Appear and Object**

3.      A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Brown, at the United States Courthouse, Courtroom _____, on _____, 2009, at ____:___.m., *[not less than 60 days after Notice is published]* to determine:

a.      Whether the Court should certify the Settlement Class and whether the Class Representatives and their counsel have adequately represented the class;

b.      Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

c.      Whether the Action should be dismissed on the merits and with prejudice as to Defendants;

d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against Defendants;

e.      Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

f.      Whether the application for an incentive award to be submitted by Class Representative Jacov should be approved; and

g.      Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

4.      Any member of the class and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the

Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before _____ *[at least 15 days before the Fairness Hearing],* such person:

      a.      Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

      b.      Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by _____, 2009 *[at least 15 days before the date set for the Fairness Hearing]:*

> Counsel for the Settlement Class
> Coughlin Stoia Geller Rudman & Robbins LLP
> Stuart A. Davidson
> 120 East Palmetto Park, Suite 500
> Boca Raton, FL 33432
>
> and
>
> Counsel for Defendants
> Kasowitz, Benson, Torres & Friedman LLP
> Scott B. Cosgrove
> Four Seasons Tower
> 1441 Brickell Avenue, Suite 1420
> Miami, FL 33131

      c.      The parties shall file all papers including memoranda or briefs in support of the settlement no later than seven (7) days prior to the Fairness Hearing.

5.      The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than

an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

6.      The parties recognize that notice is not required in a 23(b)(2) settlement class. Nonetheless, the parties desire to provide reasonable notice to the class through publication to allow any interested parties to comment on the proposed settlement and to attend the fairness hearing. Therefore, as soon as practicable after entry of this Order, but no later than within 30 days of the entry of the Order of Preliminary Approval, the Settlement Administrator shall cause the Notice, substantially in the form of Exhibit A to the Settlement Agreement, the form of which is hereby approved, to be published as described in the attached Exhibit D.

7.      The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

8.      The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

## Other Provisions

11.     Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12.     Neither the Settlement Agreement nor any provision therein, nor any negotiations,

3096810v1
9/29/2009 1:41 PM

statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Defendants, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

13.     In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

        **DONE AND ORDERED** in the Southern District of Florida on _____, 2009.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        STEPHEN T. BROWN

Copies furnished to:
All counsel of record

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

In Re NATIONSRENT RENTAL FEE
LITIGATION

_____/

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

THIS MATTER is before the Court upon Plaintiffs David Jacov, Todd Horton, and Andrew M. Weissing, d/b/a Weissing Construction (collectively "Plaintiffs") and Defendants NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc.'s (collectively "Defendants"),  Joint Motion for Final Approval of Class Action Settlement (D.E. _____). The Court has carefully reviewed this Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiffs and Defendants have submitted for final approval a proposed settlement of this class action.

By an Order of Preliminary Approval (D.E. ____) dated _____ (the "Order of Preliminary Approval"), the Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Joint Motion for Preliminary Approval of Settlement (D.E. _____) (the "Joint Motion for Preliminary Approval") and the Settlement Agreement and Stipulation (the "Settlement Agreement") attached as Exhibit __ to the Joint Motion for Preliminary Approval, subject to further consideration at the Final Settlement and Fairness Hearing conducted on _____. In its Order of Preliminary Approval, the Court conditionally certified the case to proceed

as a class action for settlement purposes only and temporarily certified David Jacov and Andrew M. Weissing as representatives of the following class:

> All persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006, and/or who rented equipment from Sunbelt between May 28, 2004 and May 28, 2009, and paid an "Environmental Fee," including within the class the legal representatives, heirs, successors in interest, transferees and assigns, immediate and remote.

The Court also ordered that the Notice of Proposed Settlement of Class Action, attached as Exhibit A to the Joint Motion for Preliminary Approval (the "Notice of Proposed Settlement"), be published no later than _____.

On _____, 2009, the Court conducted a Fairness Hearing to determine:

a.      Whether the Court should certify the Settlement Class and whether the Class Representatives and its counsel have adequately represented the class;

b.      Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

c.      Whether the Action should be dismissed on the merits and with prejudice as to Defendants;

d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against Defendants;

e.      Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the final settlement hearing should be approved; and

f.      Whether the application for a fee award to representative plaintiff to be submitted in connection with the final settlement hearing should be approved.

All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs and Defendants' Joint Motion for Final Approval of Class Action Settlement (D.E. _____) be approved and the same is hereby **GRANTED** as follows:

1.      On _____, 2009, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement.  In reaching its decision in this case, the Court considered the parties' Settlement Agreement, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2.      As recognized in the Order of Preliminary Approval (D.E. _____) the Court previously certified a class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2).

3.      The Court hereby affirms its decision certifying that class and approving the Settlement. The Court finds that the requirements for approving a settlement class pursuant to Federal Rule of Civil Procedure 23 have been met.

4.      In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class

Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5.      The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: (a) the likelihood that the Plaintiffs will prevail at trial; (b) the range of possible recovery if the Plaintiffs prevailed at trial; (c) the fairness of the Settlement compared to the range of possible recovery, discounted for the risks associated with litigation; (d) the complexity, expense and duration of the litigation; (e) the substance and amount of opposition to the Settlement; and (f) the stage of proceedings at which the Settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

      i.     The Settlement requires that Sunbelt disclose on the reverse side of its form Rental Contract with Other "Additional Terms and Conditions" the following:

          ___ **Environmental Fee.** To promote a clean, and sustainable environment, Sunbelt takes various measures to comply with federal and state environmental regulations, as well as with Sunbelt's

own policies. Sunbelt also incurs a wide range on environmental related expenses (both direct and indirect). These expenses may include waste disposal, construction/maintenance of cleaning facilities, acquisition of more fuel efficient equipment, labor costs, administrative costs, etc. To help defray these and other costs, Sunbelt charges an environmental fee in connection with certain rentals. The fee is not a tax or a governmentally mandated charge. It is not designed for any particular use or placed in an escrow account. Rather, it is a fee that Sunbelt collects as revenue and uses at its discretion.

ii.     The Settlement provides that Sunbelt disclose on the front side of its form Rental Contract an express reference to the reverse side to understand the basis for the Environmental Fee.

iii.    The Settlement provides that Sunbelt make disclosures regarding the Environmental Fee on its website, http://www. sunbeltrentals.com/, in a form substantially similar to the disclosure listed in the Rental Contract.

iv.     The Settlement requires Defendants to pay for Class Counsel attorneys' fees and expenses up to $1.1 million, and reasonable class settlement notice and administrative costs.

6.      If the case were to proceed without settlement, the possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, Defendants have defended this Action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any benefit whatsoever, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990).  The Court

is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members.

       7.     The Court finds that there were no objections filed to the Settlement.

       8.     In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

       9.     This Order shall be binding on all Settlement Class Members. All Settlement Class Members hereby release and discharge Defendants, that is NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc., from all "Released Claims," where "Released Claims" is defined herein and in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval (D.E. _____) as:

> any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Plaintiffs or the Settlement Class against Defendants, and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, which arise out of or are based upon the Environmental Fee charged to any Class Member during the class period, and/or the acts, transactions, occurrences, facts, and events alleged in the Complaint.

All Settlement Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against Defendants in any court or forum

whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

10.     The Court finds that the law firms preliminarily approved as Class Counsel in its Prior Order of Preliminary Approval (D.E. _____), are competent and experienced attorneys and have adequately and aggressively represented the interests of this Class. The Court therefore certifies and appoints the law firms of Coughlin Stoia Geller Rudman & Robbins LLP, Freed & Weiss, LLP, and Rothstein Rosenfeldt Adler to serve as Class Counsel on behalf of the Class.

11.     The Settlement also provides that Defendants will pay Class Counsel fees and expenses up to $1.1 million. The Court finds the total amount of fees requested by Class Counsel to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, a fee award of $1.1 million is approved and shall be paid in accordance with the terms of the Settlement Agreement, and shall be allocated among plaintiffs' counsel by Coughlin Stoia and Freed & Weiss, as Class Counsel in the Action, in a fashion which, in the opinion of Coughlin Stoia & Freed & Weiss and in accordance with the decision in *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) (Gold, J.), fairly compensates such counsel for their respective contributions to the prosecution and settlement of the Action.

12.    The Court hereby certifies David Jacov and Andrew Weissing as Class Representatives of the Class defined herein. The terms of the Settlement provide that Defendants will pay an incentive award to David Jacov, and the Court hereby awards the named Class Representative an incentive award of $2,500.00.

13.    Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in the Southern District of Florida on _____, 2009.

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

Copies furnished to:
All counsel of record

3096815v1
9/29/2009 1:41 PM

# EXHIBIT D

## MEDIA OVERVIEW

### NATIONAL PUBLICATIONS

| | CIRCULATION | FREQUENCY | INSERTIONS | AD SIZE | AD DIMENSION | MAX WORD COUNT |
|---|---|---|---|---|---|---|
| *Family Handyman* | 1,150,000 | MONTHLY | 1 | 1/2 PAGE | 3.5" x 10" | 700 |
| *USA Today* | 2,058,032 | MON - THU | 1 | 1/6 PAGE | 5.37" x 7" | 800 |

### LOCAL NEWSPAPER

| | CIRCULATION | FREQUENCY | INSERTIONS | AD SIZE | AD DIMENSION | MAX WORD COUNT |
|---|---|---|---|---|---|---|
| *Atlanta Journal Constitution* | 350,157 | DAILY | 1 | 1/6 PAGE | 4.88" x 7" | 800 |
| *Miami Herald* | 202,122 | DAILY | 1 | 1/6 PAGE | 5.04" x 7" | 800 |
| *Washington Post* | 673,180 | DAILY | 1 | 1/6 PAGE | 5.95" x 7" | 800 |
| *Jacksonville Florida Times-Union* | 166,014 | DAILY | 1 | 1/6 PAGE | 5.75" x 7" | 800 |
| *Tampa Tribune* | 187,591 | DAILY | 1 | 1/6 PAGE | 4.889" x 7" | 800 |
| *Orlando Sentinel* | 208,365 | DAILY | 1 | 1/6 PAGE | 5.74" x 7" | 800 |
| *Houston Chronicle* | 425,138 | DAILY | 1 | 1/6 PAGE | 5.35" x 7" | 800 |
| *Charlotte Observer* | 210,616 | DAILY | 1 | 1/6 PAGE | 5.542" x 7" | 800 |
| *Dallas Morning News* | 338,993 | DAILY | 1 | 1/6 PAGE | 5.41" x 7" | 800 |
| *Ft Worth Star Telegram* | 189,357 | DAILY | 1 | 1/6 PAGE | 650 | 800 |

### TRADE PUBLICATIONS

| | CIRCULATION | FREQUENCY | INSERTIONS | AD SIZE | AD DIMENSION | MAX WORD COUNT |
|---|---|---|---|---|---|---|
| *ASHRAE Journal* | 52,449 | MONTHLY | 1 | 1/2 PAGE | 3-3/8" x 10" | 700 |
| *Construction Business Owner Magazine* | 40,488 | MONTHLY | 1 | 1/2 PAGE | 4-1/2" x 7-3/8" | 700 |
| *Contracting Business* | 49,000 | MONTHLY | 1 | 1/2 PAGE | 3-1/4" x 9-3/4" | 700 |
| *Contractor* | 50,000 | MONTHLY | 1 | 1/2 PAGE | 3-1/4" x 9-3/4" | 700 |
| *Engineered Systems* | 52,210 | MONTHLY | 1 | 1/2 PAGE | 3-3/8" x 10" | 700 |
| *PHC News* | 47,159 | MONTHLY | 1 | 1/2 PAGE | 5" x 10" | 700 |
| *Builder* | 126,505 | MONTHLY | 1 | 1/2 PAGE | 3-3/4" x 10" | 700 |
| *CE Pro* | 50,030 | MONTHLY | 1 | 1/2 PAGE | 4.563" x 7" | 700 |
| *Metal Construction News* | 29,507 | MONTHLY | 1 | 1/2 PAGE | 4.813" x 11.875" | 700 |
| *Professional Builder* | 120,672 | MONTHLY | 1 | 1/2 PAGE | 3-3/8" x 10" | 700 |
| *Rental Management* | 17,000 | MONTHLY | 1 | 1/2 PAGE | 4.5" x 7.5" | 700 |
| *Rental Equipment Register* | 21,204 | MONTHLY | 1 | 1/2 PAGE | 3.375" x 10" | 700 |

### INTERNET

| VENDORS | MEDIA DESCRIPTION | UNIT TYPE |
|---|---|---|
| *Reed Construction Media E-Newsletters* | PLACEMENT IN 3 SUBSCRIBER NEWSLETTERS: CONSTRUCTION EQUIPMENT : 50,000, BUILDING DESIGN & CONSTRUCTION: 40,500 PROFESSIONAL BUILDER: 41,300 | 100 x 100 LOGO, TEXT & URL, 160 x 600 SKYSCRAPER |
| *Sponsored Keyword Search* | NUMEROUS KEYWORDS RELATED TO THE CASE WILL BE PURCHASED TO DRIVE ONLINE TRAFFIC TO THE SETTLEMENT WEBSITE THRU NETWORKS SUCH AS GOOGLE, YAHOO AND/OR MSN | 3 LINE TEXT: 25 CHARACTERS PER LINE + SETTLEMENT WEBSITE |

PRINT MEDIA - TRADE MAGAZINES

| Name | Circulation | Frequency | Description |
|---|---|---|---|
| ASHRAE Journal | 52,449 | Monthly | ASHRAE JOURNAL provides information for consulting engineers, contractors, system and equipment designers, educators, researchers and other professional in the commercial, institutional and industrial HVAC&R market. |
| Construction Business Owner Magazine | 40,488 | Monthly | CONSTRUCTION BUSINESS OWNER MAGAZINE reaches construction company owners in the 1 to 20 million dollar annual revenue range. Readers include residential and non-residential general contractors; concrete, hardscape, utility, paving, heavy construction and road building contractors. |
| Contracting Business | 49,000 | Monthly | CONTRACTING BUSINESS is edited for heating, ventilating, air conditioning and refrigerating (HVACR) commercial and industrial contractors and residential retail dealers. It is edited for the owners and managers of these businesses. |
| Contractor | 50,000 | Monthly | CONTRACTOR MAGAZINE is edited for owners and senior management personnel of mechanical specialties contractor firms. It presents industry news, market trends and product developments in plumbing, heating, fire protection and specialty piping along with columns and features on service and contracting management, emerging markets and technologies, jobsite reports and company profiles. |
| Engineered Systems | 52,210 | Monthly | ENGINEERED SYSTEMS, a print and digital publication, is edited for consulting engineers, mechanical contractors, facilities managers, system engineers and design/build contractors. Engineered Systems covers the commercial/institutional/industrial hvac/r market. |
| PHC News | 47,159 | Monthly | PHC NEWS is edited for mechanical & plumbing contractors involved in the plumbing, hydronic heating & piping markets. It covers products, government issues, manufacturing news, "how to" issues & management issues. |
| Builder | 126,505 | Monthly | BUILDER is committed to helping the housing industry build better housing. To do this it provides balanced coverage of subjects and issues important to the housing industry including design, marketing, business management, the economy, finance, construction, new products, commercial building. |
| CE Pro | 50,030 | Monthly | CE PRO, a print and digital publication, is edited for custom electronics professionals selling to homeowners and small business. . The editorial content includes sales and marketing strategies, product information, installation techniques, and dealer profiles specifically for the home control devices, home theater, multi-room audio, lighting and security products. |
| Metal Construction News | 29,507 | Monthly | METAL CONSTRUCTION NEWS serves the building systems, architectural panel and metal roofing/sidewall segment of the construction industry. Metal Construction News reports on industry trends, product improvements, building awards, association activity and legislation influencing the building systems and metal roofing industry. The overall editorial objective is to help the metal construction industry improve, adapt and grow. |
| Professional Builder | 120,872 | Monthly | PROFESSIONAL BUILDER, a print and digital publication, is edited for the owners and senior executives of home building companies. The editorial covers new-home design, floor plans and products. The news department presents the latest ideas in management, marketing, finance, design and construction. Features covers new-home designs and analysis of issues important to home builders. |
| Rental Management | 17,000 | Monthly | RENTAL MANAGEMENTserves rental professionals who own, manage or serve equipment rental companies. Rental Management is the only publication in the world to cover all market segments of the equipment rental industry — heavy construction, light construction/general tool, and party and event equipment rental. |
| Rental Equipment Register | 21,204 | Monthly | RENTAL EQUIPMENT REGISTER has been the acknowledged source of information on the rental industry since 1957. TRhe publication reaches the whole spectrum of equipment renters including contractors, homeowners, and institutions. Rental Equipment Register's reporters and editors offer coverage of emerging trends, operational techniques, and equipment lines. In addition to the news coverage they also offer profiles about rental companies that can be used. |