UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

**THIS IS A CONSENT CASE**

In Re NATIONSRENT RENTAL FEE
LITIGATION

_____/

**ORDER OF PRELIMINARY APPROVAL**

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement (D.E. #222), filed on September 29, 2009, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, a copy of which has been submitted with the Joint Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1.  The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the publication of Notice to Class Members, each as provided for in this Order and the Stipulation.

### Conditional Certification of the Class

2. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> All persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006, and/or who rented equipment from Sunbelt between May 28, 2004 and May 28, 2009, and paid an "Environmental Fee," including within the class the legal representatives, heirs, successors in interest, transferees and assigns, immediate and remote.

Excluded from the Settlement Class are: Defendants, any parent, subsidiary, affiliate, or controlled person by Defendants, as well as any officers, directors, agents, servants, and employees of Defendants, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action. Plaintiffs David Jacov ("Jacov"), Todd Horton ("Horton"), and Andrew M. Weissing, Inc. d/b/a Weissing Construction ("Weissing") (collectively "Plaintiffs") are conditionally certified as the Representatives of the Settlement Class, and the law firms of Coughlin Stoia Geller Rudman & Robbins LLP, Freed & Weiss, LLP, and Rothstein Rosenfeldt Adler are conditionally certified as Class Counsel. This conditional certification of the class, Class Representatives, and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action.

**Fairness Hearing; Right to Appear and Object**

3. A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States Magistrate Judge Brown, at the United States Courthouse, 10th Floor Courtroom, on March 31, 2010, at 10:00 a.m., *[not less than 60 days after Notice is published]* to determine:

    a. Whether the Court should certify the Settlement Class and whether the Class Representatives and their counsel have adequately represented the class;

    b. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

    c. Whether the Action should be dismissed on the merits and with prejudice as to Defendants;

    d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against Defendants;

    e. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

    f. Whether the application for an incentive award to be submitted by Class Representative Jacov should be approved; and

    g. Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

4. Any member of the class and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the

Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before March 15, 2010 *[at least 15 days before the Fairness Hearing]*, such person:

    a.    Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

    b.    Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by March 10, 2010 *[at least 15 days before the date set for the Fairness Hearing]*:

    Counsel for the Settlement Class
    Coughlin Stoia Geller Rudman & Robbins LLP
    Stuart A. Davidson
    120 East Palmetto Park, Suite 500
    Boca Raton, FL 33432

    and

    Counsel for Defendants
    Kasowitz, Benson, Torres & Friedman LLP
    Scott B. Cosgrove
    Four Seasons Tower
    1441 Brickell Avenue, Suite 1420
    Miami, FL 33131

    c.    The parties shall file all papers including memoranda or briefs in support of the settlement no later than seven (7) days prior to the Fairness Hearing.

5.  The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

### Form and Timing of Notice

6.  The parties recognize that notice is not required in a 23(b)(2) settlement class. Nonetheless, the parties desire to provide reasonable notice to the class through publication to allow any interested parties to comment on the proposed settlement and to attend the fairness hearing. Therefore, as soon as practicable after entry of this Order, but no later than within 30 days of the entry of the Order of Preliminary Approval, the Settlement Administrator shall cause the Notice, substantially in the form of Exhibit A to the Settlement Agreement, the form of which is hereby approved, to be published as described in the attached Exhibit D.

7.  The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

8.  The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

## Other Provisions

11. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Defendants, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

13. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 8th day of October, 2009.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record