UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 06-60924-CIV-BROWN

In Re NATIONSRENT RENTAL FEE
LITIGATION

_____/

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

THIS MATTER is before the Court upon Plaintiffs David Jacov, Todd Horton, and Andrew M. Weissing, d/b/a Weissing Construction's (collectively "Plaintiffs") Motion and Memorandum in Support of Final Approval of Class Action Settlement and Entry of Final Judgment and Order (D.E. #236), and Plaintiffs' Motion for an Agreed-To Award of (I) Attorneys' Fees and (II) Incentive Award to Class Representatives and Memorandum of Law in Support Thereof (D.E. #237). The Court has carefully reviewed these Motions and the entire court file and is otherwise fully advised in the premises.

Plaintiffs, without opposition from Defendants NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc.'s (collectively "Defendants") or any member of the Class, have submitted for final approval a proposed settlement of this class action.

By an Order of Preliminary Approval (D.E. #229) dated October 13, 2009 (the "Order of Preliminary Approval"), the Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Joint Motion for Preliminary Approval of Settlement (D.E. #222) (the "Joint Motion for Preliminary Approval") and the Settlement Agreement and Stipulation (the "Settlement Agreement") attached as Exhibit 2 to the Joint Motion for Preliminary Approval, subject to further consideration at the Final Settlement and Fairness Hearing conducted on March 31,

1

2010. In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and temporarily certified David Jacov and Andrew M. Weissing as representatives of the following class:

> All persons who rented equipment from NationsRent between June 1, 2003 and August 30, 2006, and/or who rented equipment from Sunbelt between May 28, 2004 and May 28, 2009, and paid an "Environmental Fee," including within the class the legal representatives, heirs, successors in interest, transferees and assigns, immediate and remote.

The Court also ordered that the Notice of Proposed Settlement of Class Action, attached as Exhibit A to the Settlement Agreement, be published no later than November 12, 2009.

On March 31, 2010, the Court conducted a Fairness Hearing to determine:

    a.    Whether the Court should certify the Settlement Class and whether the Class Representatives and its counsel have adequately represented the class;

    b.    Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

    c.    Whether the Action should be dismissed on the merits and with prejudice as to Defendants;

    d.    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against Defendants;

    e.    Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the final settlement hearing should be approved; and

    f.    Whether the application for a fee award to representative plaintiff to be submitted in connection with the final settlement hearing should be approved.

All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion and Memorandum in Support of Final Approval of Class Action Settlement and Entry of Final Judgment and Order (D.E. #236), and Plaintiffs' Motion for an Agreed-To Award of (I) Attorneys' Fees and (II) Incentive Award to Class Representatives and Memorandum of Law in Support Thereof (D.E. #237), each be approved and the same are hereby **GRANTED** as follows:

1. On March 31, 2010, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, the Court considered the parties' Settlement Agreement, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order of Preliminary Approval (D.E. #229) the Court previously certified a class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2).

3. The Court hereby affirms its decision certifying that class and approving the Settlement. The Court finds that the requirements for approving a settlement class pursuant to Federal Rule of Civil Procedure 23 have been met.

4.     In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5.     The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: (a) the likelihood that the Plaintiffs will prevail at trial; (b) the range of possible recovery if the Plaintiffs prevailed at trial; (c) the fairness of the Settlement compared to the range of possible recovery, discounted for the risks associated with litigation; (d) the complexity, expense and duration of the litigation; (e) the substance and amount of opposition to the Settlement; and (f) the stage of proceedings at which the Settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

> i.     The Settlement requires that Sunbelt disclose on the reverse side of its form Rental Contract with Other "Additional Terms and Conditions" the following:
>
>> ___ **Environmental Fee.** To promote a clean, and sustainable environment, Sunbelt takes various measures to comply with federal and state environmental regulations, as well as with

    Sunbelt's own policies. Sunbelt also incurs a wide range on environmental related expenses (both direct and indirect). These expenses may include waste disposal, construction/maintenance of cleaning facilities, acquisition of more fuel efficient equipment, labor costs, administrative costs, etc. To help defray these and other costs, Sunbelt charges an environmental fee in connection with certain rentals. The fee is not a tax or a governmentally mandated charge. It is not designed for any particular use or placed in an escrow account. Rather, it is a fee that Sunbelt collects as revenue and uses at its discretion.

  ii. The Settlement provides that Sunbelt disclose on the front side of its form Rental Contract an express reference to the reverse side to understand the basis for the Environmental Fee.

  iii. The Settlement provides that Sunbelt make disclosures regarding the Environmental Fee on its website, http://www.sunbeltrentals.com/, in a form substantially similar to the disclosure listed in the Rental Contract.

  iv. The Settlement requires Defendants to pay for Class Counsel attorneys' fees and expenses up to $1.1 million, and reasonable class settlement notice and administrative costs.

  6. If the case were to proceed without settlement, the possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, Defendants have defended this Action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any benefit whatsoever, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members.

7. The Court finds that there were no objections filed to the Settlement.

8. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9. This Order shall be binding on all Settlement Class Members. All Settlement Class Members hereby release and discharge Defendants, that is NationsRent, Inc., NationsRent Companies, Inc., and Sunbelt Rentals, Inc., from all "Released Claims," where "Released Claims" is defined herein and in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval (D.E. #229) as:

> any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Plaintiffs or the Settlement Class against Defendants, and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, which arise out of or are based upon the Environmental Fee charged to any Class Member during the class period, and/or the acts, transactions, occurrences, facts, and events alleged in the Complaint.

All Settlement Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against Defendants in any court or forum whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

10. The Court finds that the law firms of Coughlin Stoia Geller Rudman & Robbins LLP, Freed & Weiss, LLP, and Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. are competent

and experienced attorneys and have adequately and aggressively represented the interests of this Class. The Court certifies and appoints the law firms of Coughlin Stoia Geller Rudman & Robbins LLP, Freed & Weiss, LLP, and Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. to serve as Class Counsel on behalf of the Class.

11.    The Settlement also provides that Defendants will pay Class Counsel fees and expenses up to $1.1 million. The Court finds the total amount of fees requested by Class Counsel to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, an award of $1.1 million, to include all fees and expenses, is approved and shall be paid in accordance with the terms of the Settlement Agreement, and shall be allocated among plaintiffs' counsel by Coughlin Stoia and Freed & Weiss, as Class Counsel in the Action, in a fashion which, in the opinion of Coughlin Stoia and Freed & Weiss and in accordance with the decision in *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) (Gold, J.), fairly compensates such counsel for their respective contributions to the prosecution and settlement of the Action.

12.    The Court hereby certifies David Jacov and Andrew Weissing as Class Representatives of the Class defined herein. The terms of the Settlement provide that Defendants will pay an incentive award to David Jacov, and the Court hereby awards the named Class Representative an incentive award of $2,500.00.

13.  Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in the Southern District of Florida on this 31st day of March, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    All counsel of record